

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin, T e x a s

Opinion No. 0-3867
Re: The enforcement of a mechanic or
repairman's lien on a motor vehi-
cle in accordance with the provi-
sions of the Certificate of Title
Act.

Dear Sir:

We are in receipt of your letter of August 5,
1941, in which you request the opinion of this department
upon the questions therein set out as follows:

"The Certificate of Title Division is re-
ceiving daily, numerous applications for certi-
ficates of title on motor vehicles which have
been sold by garage owners or mechanics to sat-
isfy a garage owner's or mechanic's statutory
lien. These applications for title are support-
ed by an affidavit setting forth facts showing
how the garage owner of mechanic obtained pos-
session of the motor vehicle and the amount of
his lien, and that the motor vehicle is now be-
ing sold as provided in Article 5404 of Vernon's
Annotated Civil Statutes of Texas, 1925.

"Upon examining our files to determine if
previous title has been issued against this mo-
tor vehicle, we find in some cases that there
has been a previous title issued and that a
lien against the motor vehicle has been proper-
ly recorded in favor of someone other than the
person trying to sell the motor vehicle.

"We respectfully request your opinion and
the procedure to follow in the following enum-
erated questions:

"1. What procedure should be followed by and what evidence should be presented to this department by mechanic or repairman to enable him to sell and give valid title to a motor vehicle on which he holds a mechanic or repairman's statutory lien? Must such mechanic's lien be recorded on owner's title before it can be foreclosed?

"2. When a lien has been properly recorded on a certificate of title and our records reveal that said lien has not been properly released, may the department issue a title to a purchaser on his application supported by an affidavit made by a mechanic or garage man trying to sell such motor vehicle under a mechanic's lien, without requiring that the prior recorded lien be properly released?"

In your first question you are concerned with the situation where a mechanic or repairman wishes to satisfy his lien against a motor vehicle by sale of the same. You ask what procedure should be followed by him in order for the department to be able to issue a Certificate of Title in the name of the person purchasing the same from said mechanic or repairman.

Article 16, § 37 of the Constitution of Texas provides as follows:

"Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

Article 5503 of the Revised Civil Statutes reads as follows:

"Whenever any article, implement, utensil

Honorable D. C. Greer ... Page 3

> or vehicle shall be repaired with labor and ma-
> terial, or with labor and without furnishing
> material by any carpenter, mechanic, artisan,
> or other workman in this State, such carpenter,
> mechanic, artisan, or other workman is author-
> ized to retain possession of said article, im-
> plement, utensil, or vehicle until the amount
> due on same for repairing by contract shall be
> fully paid off and discharged. In case no amount
> is agreed upon by contract, then said carpenter,
> mechanic, artisan, or other workman shall retain
> possession of such article, implement, utensil
> or vehicle, until all reasonable customary and
> usual compensation shall be paid in full."

Article 5504 of the Revised Civil Statutes reads as follows:

> "When possession of any of the property em-
> braced in the preceding article has continued
> for sixty days after the charges accrue, and the
> charges so due have not been paid, it shall be
> the duty of the persons so holding said proper-
> ty to notify the owner, if in the State and his
> residence be known, to come forward and pay the
> charges due, and on his failure within the days
> after such notice has been given him to pay said
> charges, the persons so holding said property,
> after twenty days notice are authorized to sell
> said property at public sale and apply the pro-
> ceeds to the payment of said charges, and/shall
> pay over the balance to the person entitled to
> the same. If the owner's residence is beyond
> the State or is unknown, the person holding said
> property shall not be required to give such no-
> tice before proceeding to sell."

Under Article 5504, supra, the mechanic or repair-man, by complying with procedure outlined therein, may sell the motor vehicle to satisfy his lien.

Section 35 of the Certificate of Title Act, codi-fied as Article 1436-1 of Vernon's Annotated Penal Code, applies to such a situation as outlined and provides as follows:

Honorable D. C. Greer ... Page 4

"Whenever the ownership of a motor vehicle registered or licensed within this State is transferred by operation of law, as upon inheritance, devise or bequest, bankruptcy, receivership, judicial sale, or any other involuntary divesture of ownership, the Department shall issue a new certificate of title upon being provided with certified copy of the probate proceedings, if any (if no administration is necessary, then upon affidavit showing such fact and all the heirs at law and specification by the heirs as to in whose name the certificate shall issue), or order, or bill of sale from the officer making the judicial sale, except however, that where foreclosure is had under the terms of a lien, the affidavit of the person, firm, association, or corporation or authorized agent, of the fact of repossession and divestiture of title in accordance with the terms of the lien, shall be sufficient to authorize the issuance of a new certificate of title in the name of the purchaser at such sale, and except further that in the case of the foreclosure of any Constitutional or Statutory lien, the affidavit of the holder of such lien, or if a corporation, its agent, of the fact of the creation of such lien and the divestiture of title by reason thereof in accordance with law, shall be sufficient to authorize the issuance of a new certificate of title in the name of the purchaser." (Underlining ours).

In line with the above quoted portion of the Certificate of Title Act, you are advised that in the situation you inquire about, if the mechanic or repairman files an affidavit with your department setting out the facts of the creation of his lien and the divestiture of title by reason thereof in accordance with the law, you are thereby authorized to issue a Certificate of Title in the name of the purchaser at such sale held by said mechanic or repairman.

In your second question you are concerned with the situation where an affidavit, as is discussed in the previous question, is furnished your department but it appears that the department has issued a Certificate of

Title on the same motor vehicle, which certificate indicates that a lien has been properly noted on such Certificate of Title first issued. You inquire whether the department may issue a Certificate of Title to the purchaser from the mechanic or garageman without requiring that the prior noted lien be properly released. Your problem requires a determination of the priority between the mechanic or garageman's lien and the contract lien previous noted.

Article 5506 of the Revised Civil Statutes provides as follows:

"Nothing in this title shall be construed or considered as in any manner impairing or affecting the right of parties to create liens by special contract or agreement, nor shall it in any manner affect or impair other liens arising at common law or in equity, or by any statute of this State, or any other lien not treated of under this title."

Prior to 1926 there was a conflict between the various Courts of Civil Appeals in this state on the question of priority between a contract lien properly recorded and a mechanic's or repairman's lien. For that reason the Supreme Court of Texas granted writ of error in the case of COMMERCIAL CREDIT COMPANY v. BROWN, 284 S.W. 911. In that case the Commission of Appeals, in an opinion written by Justice Speer, reviewed the constitutional provision and statutes quoted previously and held that the contract lien, which was properly recorded prior to the time of creation of the mechanic's lien, was entitled to priority over said mechanic's lien. The court concluded as follows:

"When it is remembered that the Constitution declares no priority, that the statutes nowhere undertake to say that the mechanic's lien is superior to all others, and that article 5671 (5506) declares a saving of liens created by special contract, there is no doubt that the general rule of sanctity of contract should prevail, and that the holder of a chattel mortgage who has been diligent to protect his rights and has done all that the law demanded of him in order to pre-

Honorable D. C. Greer ... Page 6

serve the fruits of his contract should be
fully protected. The mechanic who furnishes
material or performs labor in the repairs
of a vehicle thus mortgaged does so volun-
tarily, and with full knowledge in law of
the existing mortgage and the consequent
rights of the mortgagee, and, 'if he suf-
fers loss by such conduct, it is his own
fault. It was a matter of choice upon his
part to do the work, and he assumed the
risk of losing his hire when he entered in-
to the contract.' Wilson v. Donaldson, 121
Cal. 8, 53 P. 405, 43 L.R.A. 524, 66 Am. St.
Rep. 17, cited in American Type Founders Co. v.
Nichols, supra.

"We therefore recommend that the judgments
of the trial court and of the Court of Civil
Appeals be reformed so as to decree plaintiff
in error's chattel mortgage lien to be super-
ior to defendant in error's mechanic's lien,
and entitled to priority payment from the pro-
ceeds of sale upon foreclosure."

In the aobve quoted case the Supreme Court defi-
nitely established the priority of the contract lien and
held that the holder of the contract lien was entitled to
a priority payment from the proceeds of sale upon the fore-
closure.

In the case of VILBIG v. FAISON, 296 S.W. 669, by
the Austin Court of Civil Appeals, writ of error dismiss-
ed by the Supreme Court, the court adopted the same rule
and stated as follows:

"Appellants pleaded that mortgagor Waters
left the truck with Burton-Cabeen Company, on
July 19, 1922, in a run-down condition and for
repairs; that Waters abandoned the truck and
Burton-Cabeen Company sold it on November 13,
1925, to one McGraw, from whom appellants bought
the truck for $150, in satisfaction of the
storage and laborer's lien thereon; and that
the laborer's lien thus acquired was superior
to that of appellee's prior recorded mortgage.

This question is definitely settled against appellant's contention by the case of Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S.W. 911, which holds that a mechanic's or laborer's lien for repairing an automobile in his possession is not superior to a prior registered mortgage on the automobile. Hedeman v. Newnom, 109 Tex. 472, 211 S.W. 968; American, etc., Co. v. Nichols, 110 Tex. 4, 214 S.W. 301."

The Texarkana Court of Civil Appeals in the case of GENERAL MOTORS ACCEPTANCE CORP. v. MERRITT, 16 S.W. (2d) 296, stated as follows:

"That agreement apparently recognizes the doctrine announced by our Supreme Court that a prior properly recorded chattel mortgage on personal property is superior to a mechanic's lien based upon subsequently made repairs to the property. Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S.W. 911; Vilbig v. Faison (Tex. Civ. App.) 296 S.W. 669."

We call your attention, however, to the case of FRITZ MOTOR COMPANY v. GABERT, 41 S.W. (2d) 72, writ of error dismissed by the Supreme Court. In that case the Fort Worth Court of Civil Appeals held that the contract mortgagee had waived its priority over the mechanic's lien by impliedly agreeing to the repairs being made to the motor vehicle. The court stated as follows:

"While the Fritz Motor Company did not in express terms agree that a lien might arise in Gabert's favor for repairs, yet it knew that the repairs to be made would enhance the value of the property; it also knew that when the repairs were finished, Pringle might not be able to pay for them, and that in that event a statutory lien in favor of Gabert would arise. If the repairs had been made upon the order of the Fritz Motor Company, clearly, it would be in no position to deny the priority of Gabert's lien over the mortgage lien; and we can perceive no reason why the same legal result would not follow from the plaintiff's authorization of the

Honorable D. C. Greer ... Page 8

"repairs through Pringle."

Based upon the above cases, you are advised that where an affidavit of a mechanic or repairman is submitted to your department requesting that Certificate of Title be issued in the name of a purchaser at a sale conducted by him to satisfy his lien and where the records of your department show that a certificate has been issued previously on the same motor vehicle, which certificate contained noted thereon a valid contract lien, that your department is not authorized to issue a Certificate of Title in the name of the purchaser at the sale conducted by the mechanic or repairman, unless, at the same time, you are furnished a release of the contract lien noted upon the first Certificate of Title. You are further advised that in our opinion even if the mechanic's affidavit asserted that the holder of the contract and prior lien had waived his priority, you would not be justified in issuing a Certificate of Title to the purchaser at the mechanic or repairman's sale. We believe that before your department would be authorized to recognize the priority of a mechanic's lien, above that of a previously noted contract lien, it would be necessary that you be furnished with a final judgment of a court of law so decreeing such a priority.

We trust that the foregoing fully advises you in this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

BG:ob

APPROVED AUG 21, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY P.M.K
CHAIRMAN